IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALTRUS INNOVATIONS LTD., KEY PATENT INNOVATIONS LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 3:24-cv-01795 |

**DEFENDANT GOOGLE LLC'S MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED COMPLAINT AND PLAINTIFFS' MOTION TO CONSOLIDATE AND REQUEST FOR EXPEDITED RELIEF**

Defendant Google LLC ("Google") respectfully requests the Court extend Google's deadline for answering or otherwise responding to Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Limited's (collectively "Plaintiffs" or "Valtrus") Amended Complaint and Motion to Consolidate.

Google's current deadline for answering or otherwise responding to Plaintiffs' Amended Complaint is January 2, 2025. And Google's deadline to respond to Plaintiffs' Motion to Consolidate is January 8, 2025. This is the first request to extend both deadlines.[1] Google respectfully asks the Court to extend its deadline to answer or otherwise respond to the Amended Complaint to January 16, 2025, and its deadline to respond to Plaintiffs' Motion to Consolidate to January 22, 2025.

---

[1] Google sought an extension of its deadline to answer or otherwise move to respond to Plaintiffs' original complaint. Dkt. 14. However, this Motion is the first request to extend Google's deadline to respond to Plaintiffs' Amended Complaint.

1

Given the upcoming holidays and the need for an extension in relation thereto, Google respectfully also asks for expedited relief. It is unfortunate that, on Christmas Eve, Google has to bring an opposed motion for a two-week extension and seek expedited relief. But given the holiday period, if expedited relief is not granted, it would effectively moot the requested extension and prejudice Google's ability to prepare effective responses to the filings described herein.

As shown below, there is good cause to grant Google's request, as all factors favor Google. Google's Motion should therefore be granted.

## BACKGROUND

This patent infringement case is still in its early stages. Plaintiffs initiated this case on July 12, 2024. Dkt. 1. Plaintiffs served Google on October 4, 2024. Dkt. 12. Google filed a Motion to Dismiss Plaintiffs' Original Complaint on December 9, 2024. Dkt. 17. The Court terminated Google's Motion to Dismiss as moot after Plaintiffs filed an Amended Complaint. Dkt. 22, 24. On December 18, 2024, Plaintiffs filed its sealed Motion to Consolidate this matter with a separate, similar case pending in this District, *Valtrus Innovations Ltd. v. Google LLC*, Case No. 3:22-cv-00066, Dkt. 1 (N.D. Tex. Jan. 10, 2022) (Lindsay, J.) (*Valtrus I*) Dkt. 23. Google's deadline to file responses to those Motions falls shortly after the holidays. Valtrus also filed the same Motion to Consolidate in *Valtrus I* as well as an Amended Complaint on December 18.

## LEGAL STANDARD

In determining whether there exists good cause to extend a deadline, courts examine four factors: (1) the party's explanation for its failure to meet the deadline, (2) the importance of the extension to the moving party, (3) potential prejudice to the non-movant in allowing the extension, and (4) the availability of a continuance to cure such prejudice. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003); *Olague v. CoreCivic, Inc.*, No. 6:22-CV-070-H, 2024 WL 1197927, at *14 (N.D. Tex. Mar. 20, 2024).

## ARGUMENT

There is good cause to grant Google's Motion, as all four factors cut in favor of Google, as set forth below.

***First***, Google asks for these extensions given the holidays and team member travel shortly before Google's regularly scheduled deadlines. Indeed, Google's current deadline to respond to the Amended Complaint is January 2 (just one day after New Year's Day) and its current deadline to respond to the Motion to Consolidate is January 8 (just one week after New Year's Day). Accordingly, this extension is sought for good cause and not for purposes of delay.

***Second***, the requested extension is important because the deadlines that Google seeks to extend require it to analyze the Amended Complaint and the Motion to Consolidate (which is filed with ***nearly 1,000 pages of exhibits***) and prepare its responses. If this request is denied, Google will be prejudiced because it will be required to analyze Plaintiffs' voluminous filings and research and draft its responses over the holidays.[2] Accordingly, this request is important to avoid unfair prejudice to Google.

***Third***, there is no significant (if any) prejudice to non-movant Plaintiffs in allowing the extension because Google's requested extension is a modest modification of Google's deadline to respond to the Motions. There are no pressing circumstances in this case that require an expedited resolution of the Motions. Additionally, any prejudice to Plaintiffs is *de minimis* because the modified deadlines that Google seeks are the modified deadlines that the parties had initially agreed to prior to Plaintiffs' request to incorporate an additional condition into the parties' agreement.

---

[2] Google also sought extensions in relation to the same Motion to Consolidate in *Valtrus I* as well as the response to the Motion to Amend the Complaint in *Valtrus I*, otherwise due January 8. Valtrus has similarly refused to agree to extensions for the holiday period in *Valtrus I* without the same unreasonable condition discussed below for extensions in this case.

3

***Fourth***, the fourth factor cuts in favor of Google, because, at this early juncture, no schedule has yet been entered and no trial date has been set.

The parties had initially agreed to modify Google's response deadlines as requested in this motion. Plaintiffs then asked to incorporate an additional condition that Google agree to grant Plaintiffs an extension on the next two motions Google may file in this case—regardless of what those motions may be, when they may be filed, or the potential exigent circumstances that may exist at the time. As justification for this extraordinary condition, Plaintiffs referred to an unidentified scenario that they believe Google or its counsel had in the past filed a motion and then refused to give an extension on another motion. In multiple calls and emails, Google indicated it was not aware what Plaintiff was referring to, indicated that it had no intention of seeking relief in such a manner on the subject matter of the motions at issue here, and assured Plaintiffs that, despite Plaintiffs' lack of specificity, Google would provide reasonable professional courtesies not just on the next two motions, but throughout the case. Nevertheless, Valtrus insisted on the condition that, in exchange for a simple two-week extension over the holidays, Valtrus will get a two-week extension to the next two motions that Google files on any issue, on any subject matter, at any time, and regardless of urgency of need of resolution of said presently unknown motion.[3] Yet, that is what Valtrus has required, unfortunately requiring this expedited motion on Christmas Eve.

## CONCLUSION

Because all factors cut in favor of Google, Google's Motion should be granted.

---

[3] As Google also explained on a call with counsel for Valtrus, this would mean that should Google need expedited relief on an issue months from now if it has not filed two motions by then, Google would be forced to grant Valtrus a two week extension on a response that could moot the request.

DATE: December 24, 2024

Respectfully submitted,

/s/ *Michael K. Hurst*

Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Julia Simon
jsimon@lynnllp.com
Texas Bar No. 00784970
Joshua D. Lang
jlang@lynnllp.com
Texas Bar No. 24109450
Chelsea A. Till
Texas Bar No. 24115858
ctill@lynnllp.com
LYNN PINKER HURST &
SCHWEGMANN LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)

Deepa Acharya
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street, NW
Washington, DC 20005
202-538-8107 (Telephone)
202-538-8100 (Facsimile)

*ATTORNEYS FOR DEFENDANT GOOGLE LLC*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that Google made several, good faith attempts to reach agreement concerning the relief sought herein via multiple emails and telephone calls with counsel for Plaintiff on December 23, 2024. The parties had initially reached an agreement to extend Google's deadlines to respond to the motions described herein; however, Plaintiffs subsequently asked to incorporate an additional condition that Google agree to grant Plaintiffs an extension on the next two motions Google may file in this case—regardless of what those motions may be, when they may be filed, or the potential exigent circumstances that may exist at the time. When Google obtained confirmation that Plaintiffs expectation was, in fact, that Google grant an extension *ex ante* on unknown motions brought at unknown times and under unknown circumstances, negotiations among the parties broke down. Given the commencing holidays and team member vacation and travel plans, Google was forced to file this motion as opposed.

*/s/ Joshua D. Lang*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2024, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

*/s/ Michael K. Hurst*