# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LIMITED | § § § § § § § | CIVIL ACTION NO. 3:24-CV-1795-S |
| v. | | |
| GOOGLE LLC | | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Limited's Renewed Motion to Seal Their Motion to Consolidate and Appendix Filed in Support Thereof ("Motion to Seal") [ECF No. 26]. After Plaintiffs filed the Motion to Seal, the parties advised the Court that Defendant Google LLC is unopposed to the Motion to Seal. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

### I. BACKGROUND

Plaintiffs brought this lawsuit to remedy alleged patent infringement. *See* First Am. Compl. for Patent Infringement [ECF No. 22]. There is at least one other patent infringement case pending between the parties in the Northern District of Texas. *See* Notice of Related Case [ECF No. 20]. As such, Plaintiffs intend to file the Motion to Consolidate [ECF No. 26-2]. In support of the Motion to Consolidate, Plaintiffs seek to file their Appendix to the Motion to Consolidate [ECF No. 26-4, 26-5, 26-6]. Initially, Plaintiffs requested leave to file the entire Motion to Consolidate and Appendix under seal. Pls.' Mot. to Seal Their Mot. to Consolidate and App. Filed in Supp. Thereof ("Initial Motion to Seal") [ECF No. 23]. The Court denied the Initial Motion to Seal for failing to comply with Fifth Circuit law. Order [ECF No. 25] (citing *Binh Hoa Le v. Exeter Fin.*

*Corp.*, 990 F.3d 410 (5th Cir. 2021), and *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022)). Plaintiffs then filed the Motion to Seal.

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

## III. ANALYSIS

Plaintiffs seek leave to seal certain exhibits and to redact one other exhibit and the Motion to Consolidate. Mot. to Seal 2-4. The exhibits that Plaintiffs propose to file under seal are "highly confidential" agreements between Valtrus and third parties (Exhibits 1 and 2), a letter concerning those agreements, among other things (Exhibit 3), and a "highly confidential" legal document that contains "confidential details concerning Valtrus's acquisition and holding of intellectual property rights" (Exhibit 6). *Id.* at 2-3. Further, Plaintiffs request leave to redact a sealed court order (Exhibit 7), as the order was also filed with redactions in the Eastern District of Texas and contains sensitive information relating to the exhibits Plaintiffs seek to seal. *Id.* at 3-4. Finally, Plaintiffs

ask permission to redact portions of the Motion to Consolidate that quote from or describe these confidential materials. *Id.* at 2.

In support of nondisclosure, Plaintiffs argue that Exhibits 1 and 2 contain both Plaintiffs' and third parties' "highly confidential" information. *Id.* at 2-3. The agreements "contain[] confidential terms . . . that are the result of confidential negotiations." *Id.* Exhibit 3 outlines Plaintiffs' confidential "business plan" and relates to the confidential agreements contained in Exhibits 1 and 2. *Id.* at 3. Exhibit 6 is a confidential document containing details related to Valtrus's "acquisition and holding of intellectual property rights." *Id.* Exhibit 7 contains language relating to the foregoing confidential information that has been redacted from public filings by the Eastern District of Texas. *Id.* at 3-4. And the portions of the Motion to Consolidate that Plaintiffs seek to redact "reflect quotes from or descriptions of sensitive portions of confidential materials," including the foregoing exhibits. *Id.* at 2. According to Plaintiffs, disclosure of any of this information "would pose a substantial risk of harm to their business interests, particularly with respect to patent sales and licensing." *Id.*

Courts have found that nondisclosure is warranted to protect sensitive information like the "confidential information of third parties." *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024); *see also MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The interest supporting sealing, namely protecting the confidential information of third parties, outweighs the public's common law right of access for the identified information."). Additionally, specific allegations regarding competitive harm may support sealing or redaction. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

The Court finds the interests in support of nondisclosure outweigh the public's common law right of access to the information at issue here. Exhibits 1 and 2 are contracts between Plaintiffs and third parties that contain third parties' confidential information. *See MIECO*, 2022 WL 18034481, at *2. Exhibits 1, 2, 3, and 6 contain Plaintiffs' confidential information, such as contractual terms and their internal business plan. *See, e.g.*, *Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4796229, at *4 (N.D. Tex. May 30, 2024) (sealing information about a company's market strategy that was not readily available to the public). And the proposed redactions to Exhibit 7 and the Motion to Consolidate reference the foregoing confidential information and other related confidential information. As such, Plaintiffs are entitled to the sealing and redactions they seek.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiffs' Renewed Motion to Seal Their Motion to Consolidate and Appendix Filed in Support Thereof [ECF No. 26]. The Court **DIRECTS** Plaintiffs to file a public version of the Motion to Consolidate [ECF No. 26-2] and Exhibit 7 with appropriate redactions. Plaintiffs shall file Exhibits 4, 5, 8, 9, and 10 publicly without redactions. And Plaintiffs shall file Exhibits 1, 2, 3, and 6 under seal.

**SO ORDERED.**

SIGNED January 8, 2025.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**